**In the Matter of C.M. SYSTEMS, INC., Debtor.**

**Bankruptcy No. 86–1643.**

United States Bankruptcy Court, M.D. Florida, Tampa Division.

Aug. 27, 1986.

Leo Meirose, St. Petersburg, Fla., for debtor.

David Steen, Tampa, Fla., Daryl Brown, Sarasota, Fla., for Travelers Indem. Co.

Shirley Arcuri, Tampa, Fla., for Hillsborough County School.

ORDER ON MOTION TO ASSUME EXECUTORY CONTRACT WITH HILLSBOROUGH COUNTY SCHOOL BOARD

ALEXANDER L. PASKAY, Chief Judge.

THIS IS a Chapter 11 case and the matter under consideration is a Motion to Assume an Executory Contract. The Motion is filed by C.M. Systems, Inc. (Debtor). The other party to the contract sought to be assumed is the Hillsborough County School Board (School Board). The evidence presented in support of and in opposition to the Motion reveal the following facts:

On December 24, 1985, the Debtor entered into a contract with the School Board. The contract called for the construction of an elementary school building. As required by the contract, the Debtor furnished a payment and performance bond issued by the Travelers Indemnity Company. The contract was a fixed price contract and called for periodic progress payments by the School Board totaling 4,860,-000.00. The project had architectural supervision by the Design Art Group, Inc. (architects).

The construction of the project was to commence in December, 1985, although the actual work did not start until sometime later, and was to be completed by December 24, 1986. At the request of the architects, the Debtor prepared a progress chart, a revised version of which was ultimately accepted by the School Board in March. The contract itself had no specific periodic completion schedule for the different stages of construction.

While there is evidence in this record that the Debtor experienced some delays, allegedly due to the failure of the architects to respond to requests to approve certain materials and color selection, these delays appear not to have had any meaningful impact on the job progress. However, the Debtor's inability to obtain an acceptable roofing contractor and lack of

progress in the masonry work, both of which are critical items and play a significant role in the progress of the project, cast serious doubt on the Debtor's ability to complete the project on time. Only 30–40% of the masonry work is completed and is six to eight weeks behind schedule.

Out of the total contract price of $4,860,000.00, the Debtor already received $1,417,605.00, leaving $3,442,395 due. The estimated cost of completion is $3,575,500.00 which leaves a $133,105.00 shortfall. While the Debtor is not yet in default technically, expert testimony indicated that the job cannot be completed on time if it progresses at the present rate. 59% of the contract time has already expired and 36% was already billed by the Debtor; the Debtor has received 29% of the total contract price. It appears that the ideal ratio is 50% time expired, 50% payment of the total contract price.

In order to complete the job, the project should be "dried in", that is, under roof by the end of August. With the number of people on the job, especially on the masonry work, and the absence of a roofing contractor, the projected completion time is January, 1987, or at the earliest, about a month after the completion date called for by the contract. The contract has a penalty for delay of $500.00 per calendar day. None of the projected costs include an allowance for either unforeseen uncontrollable delays due to inclement weather or for increase in cost of material. The Debtor's assertion that it can finish the project on time is based on statement only and not supported by any reliable factual data.

The Motion under consideration is brought by the Debtor pursuant to § 365(a) which provides that the trustee, i.e. debtor in possession, may assume an executory contract with court approval. However, the trustee may not assume an executory contract if there has been a default unless the trustee cures the default or assures prompt curing; compensates the other party for damages resulting from the default; and assures future performance.

As noted earlier, this contract is not yet in default, thus subclause (b)(1) of § 365 apparently does not even come into play since 365(b) seems to deal with executory contracts which are in default at the time of the commencement of the case. Unfortunately, § 365 fails to deal with assumption of executory contracts which are not in default. Ordinarily the Debtor would be routinely authorized to assume the contract. The difficulty with the Debtor's position in the present instance is that by all indication there is not enough money left in the contract to finish it, and the work cannot be finished on time unless the Debtor increases its work force for the masonry work and promptly secures a roofing contractor who can "dry-in" the project by the end of August. Thus, the question remains of whether or not it is proper to consider the Debtor's ability to assure future performance even though the contract is not in default.

A literal reading of § 365 of the Bankruptcy Code indicates that a Debtor who is not in default of an executory contract should be permitted to assume unless the contract is burdensome and presents no material benefit to the Debtor or to the Debtor's estate. However, such restrictive reading of this section is totally unrealistic and certainly would be contrary to a common sense approach of the question. For instance, even assuming that the contract is not in default, and that theoretically assumption would represent a potential meaningful benefit to the Debtor, it would be senseless to permit the assumption if it is evident that the Debtor can not perform. In such an instance, the inevitable post-petition breach of an assumed contract would expose the estate to a possible devastating damage claim which, of course, would be chargeable as a cost of administration. Such a cost, in turn, could completely destroy the Debtor's chances to achieve rehabilitation.

If it appears that the Debtor will not be able to perform, the sensible thing is to deny the Debtor's motion to assume which, in turn, would be a rejection of the

contract, giving rise only to a possible damage claim accorded the status of a pre-petition unsecured claim, which could easily be dealt with in a plan of reorganization. Moreover, in the case of a large construction project where there is a payment and performance bond posted, an early takeover of the project by the bonding company may minimize, if not completely eliminate, damage claims.

In sum, a Debtor who is not yet in default but who is unable to demonstrate that it can assure future performance should not be authorized to assume simply because the contract may possibly represent a benefit to the Debtor and to the Debtor's estate especially when, in fact, the opposite may well be true. Having concluded that there is no convincing evidence in this record that the Debtor is able to perform this contract pursuant to its terms, the Motion to Assume cannot be granted.

Accordingly, it is

ORDERED, ADJUDGED AND DECREED that the Motion to Assume Executory Contract filed by C.M. Systems, Inc. be, and the same is hereby, denied. It is further

ORDERED, ADJUDGED AND DECREED that the contract is deemed to be rejected and the School Board is authorized to undertake whatever steps are necessary to protect its interest in the building project provided, however, that the automatic stay shall remain in full force and neither the School Board nor anyone acting on its behalf including trustees shall take any action against the Debtor or against properties of the estate of the Debtor.